**Carlos BALDELOMAR–VISCARRA; Maria Cecilia Cisneros–Chavez, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–71858.**

United States Court of Appeals, Ninth Circuit.

**646**

Submitted Jan. 15, 2013.*

Filed Jan. 17, 2013.

Mardy Sproule, Esquire, Law Offices of Mardy M. Sproule, Commerce, CA, for Petitioners.

Juria L. Jones, Trial, Oil, U.S. Department Of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, BEA, and NGUYEN, Circuit Judges.

MEMORANDUM **

Carlos Baldelomar–Viscarra, a native and citizen of Bolivia, and Maria Cecilia Cisneros–Chavez, a native and citizen of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") decision denying their motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir.2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.2002) (the denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law.").

We lack jurisdiction to consider petitioners' claim that they may qualify for prosecutorial discretion. *See Vilchiz–Soto v. Holder*, 688 F.3d 642, 644 (9th Cir.2012) (order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**